THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DIANE KOSANOVICH, Defendant-Appellant.

First District (2nd Division)    No. 77-1931

Opinion filed March 27, 1979.

Ralph Ruebner and David Mejia, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, J. Johnathan Regunberg, and Paul C. Gridelli, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Defendant Diane Kosanovich and co-defendant John Malaszenko were charged by a two-count information with the offenses of armed robbery (Ill. Rev. Stat. 1975, ch. 38, par. 18—2) and theft (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(a)(1)). Following a jury finding of guilt on both counts and a hearing in aggravation and mitigation, the defendant was sentenced to concurrent terms of 10 to 15 years for armed robbery and 3 1/3 to 10 years for theft.

On appeal the defendant contends (1) that the trial court erred in entering judgment and sentence on the theft conviction; and (2) that the cause must be remanded for resentencing on the armed robbery conviction due to the taint of the invalid theft conviction and the excessiveness of the sentence.

On August 2, 1976, at approximately 5 p.m., the defendant and Malaszenko entered the Howard Art Gallery in Glencoe, Illinois. After about 30 minutes, the defendant told Howard Kodner, one of the owners of the store, that she wanted to purchase a specific Chinese rug. As Kodner began to write an invoice for the purchase, Malaszenko pointed a flintlock pistol at him and said, "You are dead." The defendant then placed a long silvery object which Kodner believed to be a knife to his neck and said, "Don't push any panic buttons or alarm buttons, put your hands in front of you and start to get up from your chair slowly."

As the defendant and Malaszenko tied Kodner with rope and tape, emptied his pockets, and forced him to lie face down on the floor of a back room, the defendant kept the long silvery object at his neck. The defendant and Malaszenko then took various items through the back door, pausing every few minutes to check Kodner's bonds. At one point, Malaszenko again threatened to kill him.

On the following day, the defendant sold to the Graf Coin Company in Chicago several items which Kodner identified at trial as having been taken from his store. Thereafter, a flintlock pistol was found hanging on Malaszenko's bedroom wall which Kodner testified "could have been" the same weapon used in the robbery. The defendant was identified at trial by Kodner, as well as the owner and an employee of the Graf Coin Company.

## I.

■■ We agree with the parties that the armed robbery count and the theft count of the information were founded on a single act of the defendant. We therefore find that the trial court erred in entering judgment and imposing sentence for the theft charge. Accordingly, the judgment on the theft conviction must be vacated. See *People v. Lilly* (1974), 56 Ill. 2d 493, 495, 309 N.E.2d 1; *People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273.

■■ The record shows that the trial judge considered the two offenses separately and sentenced the defendant separately on each count of the information. Under these circumstances, we find no reason to remand for resentencing on the armed robbery conviction predicated on the alleged taint of the invalid theft conviction. See *People v. Carmickle* (3d Dist. 1977), 46 Ill. App. 3d 112, 114-15, 360 N.E.2d 794.

## II.

However, although the trial court is normally the proper forum in which a suitable sentence is determined and the trial judge's decision in regard to sentencing is given great weight and deference, we believe that the sentence imposed for the armed robbery conviction is excessive. At the time applicable to this conviction, armed robbery was punishable by a maximum term of imprisonment for "any term in excess of 4 years" (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(b)(2)) and by a minimum term of "4 years unless the court, having regard to the nature and circumstances of the offense and character of the defendant, sets a higher minimum term" (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(c)(2)). The defendant contends that the imposition of the higher minimum term of 10 years constitutes an abuse of the trial court's discretion. We agree.

■■■ A reasoned judgment as to the proper sentence must be based on the particular circumstances of each individual case. (*People v. Bolyard* (1975), 61 Ill. 2d 583, 589, 338 N.E.2d 168.) Such a judgment depends on many factors including the defendant's demeanor, general moral character, mentality, social environment, habits, age, inclination to commit crimes, and the stimuli which motivated his conduct (*People v. Dukett* (1974), 56 Ill. 2d 432, 452, 308 N.E.2d 590, *cert. denied* (1974), 419 U.S. 965, 42 L. Ed. 2d 180, 95 S. Ct. 226), in addition to the defendant's past criminal record (*People v. Hart* (1st Dist. 1971), 132 Ill. App. 2d 558, 563, 270 N.E.2d 102) and his degree of activity and participation in the crime (*People v. Colone* (1st Dist. 1978), 56 Ill. App. 3d 1018, 1022, 372 N.E.2d 871). Moreover, both the Illinois Constitution and the design of the Unified Code of Corrections require that penalties be determined not only according to the seriousness of the crime but also according to the rehabilitative potential of the offender with the intent to restore him to useful citizenship. Ill. Const. 1970, art. I, §11; Ill. Rev. Stat. 1975, ch. 38, par. 1001—1—2.

The record shows that the defendant had a very unstable family life, completed three years of high school, and began using heroin in 1969. On several occasions she voluntarily sought medical help for her drug addiction and unstable mental condition. During one voluntary hospital admission, the defendant attempted suicide. Although she had not been employed during the year prior to the sentencing hearing, the defendant had previously held two jobs from which she had been discharged. The defendant's prior criminal record indicates convictions for marijuana and heroin possession for which she successfully completed her probation, and a conviction for unlawful use of weapons for which the record does not indicate a disposition. Twenty-eight years of age at the time of the sentencing hearing, the defendant is married, but separated from her

husband, and has no children. On the day of the robbery, the defendant had found her brother-in-law dead in his apartment and had "copped out." We find no factors contraindicative to the defendant's potential for drug rehabilitation. Moreover, we do not believe the record indicates that the defendant used excessive force or physical violence during the commission of this offense. Naturally the use of any weapon during the commission of a crime presents a potential threat which must be considered.

Although the defendant's drug addiction cannot justify the commission of this crime, it is our opinion that long periods of confinement have little, if any, value in a rehabilitative strategy. Considering the defendant's relatively young age, her need for health care, her potential for rehabilitation, and the circumstances surrounding this offense, we believe that the imposition of the higher minimum sentence of 10 years serves no useful purpose to society.

We believe the trial court, rather than the appellate court, is better able to re-evaluate the evidence concerning aggravation and mitigation. Accordingly, we vacate the theft conviction and sentence. We affirm the armed robbery conviction, vacate the sentence of 10 to 15 years for armed robbery and remand for resentencing for armed robbery.

Affirmed in part and remanded for resentencing; vacated in part.

STAMOS, P. J., and HARTMAN, J., concur.