THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROOSEVELT WILSON, Defendant-Appellant.

First District (1st Division)   No. 84—3072

Opinion filed December 1, 1986.

Paul Alexander Rogers, of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Dean P. Karlos, and Loretta Davenport, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

Following a jury trial, defendant, Roosevelt Wilson, was convicted of attempted murder, armed violence based on attempted murder, and theft. Defendant was sentenced to 20 years' imprisonment for attempted murder and armed violence and 5 years' for theft, to be served concurrently, plus 3 years' mandatory supervision. On appeal, he argues that he was denied effective assistance of counsel, a direct result of which was the trial court's failure to properly instruct the jury; that the State failed to prove beyond a reasonable doubt that defendant had the specific intent to kill; that his convictions for both attempted murder and armed violence were improperly based upon the same physical act and that his sentence was improper. The State concedes that, in light of defendant's conviction for attempted murder, his conviction for armed violence based on attempted murder must be vacated, pursuant to *People v. Donaldson* (1982), 91 Ill. 2d 164, 435 N.E.2d 477. We affirm in part, reverse in part and remand for further proceedings.

The charges against defendant stemmed from an incident on May 31, 1984, at which time defendant allegedly snatched a purse from the victim, Evelyn Stewart, then fired a shot in her direction. Defendant pleaded not guilty and the case was set for trial on November 26, 1984. Prior to trial, the court denied the State's request to amend the armed-violence count by changing the predicate felony from attempted murder to theft.

Stewart was the only witness to testify about the shooting. She stated that she was walking north on Cottage Grove when the defendant approached her from behind on a bicycle, grabbed her purse and proceeded to ride away. Stewart shouted at defendant, then began chasing him. She came within a few feet of the defendant as he was throwing his bicycle over a fence. When Stewart approached defendant and demanded that he drop her purse, defendant began running. Stewart stated that, when defendant was approximately 6 or 7 feet in front of her, he looked back over his right shoulder and fired a shot at her with a large silver gun which he held in his left hand. Stewart stated that after the shot, she continued running after defendant until she lost him, at which time she contacted the police. Defendant was apprehended later that day.

Stewart admitted that this testimony was in direct conflict with her previous testimony given at a preliminary hearing just one day after the incident, where she had claimed that defendant had been holding the gun in his right hand and had fired over his left shoulder, without even looking back at her.

At the close of evidence, defense counsel moved for a directed verdict on the attempted murder and armed violence, arguing that Stewart had been impeached and that, even if believed, her testimony did not establish beyond a reasonable doubt that defendant had acted with an intent to kill. The trial court denied the motion. During its closing argument, the State focused on defendant's intent to kill Stewart. Defense counsel waived closing argument.

At defense counsel's request, the court then gave the jury an instruction which provides that prior inconsistent statements may be used only for impeachment purposes. The court refused counsel's request for an instruction on the lesser offense of reckless conduct, stating its belief that defendant's firing of the gun had been an intentional act, and that there was no evidence to indicate that recklessness had been involved.

■ Defendant first claims that he is entitled to a new trial on the attempted-murder and armed-violence charges because he was denied his sixth amendment right to the effective assistance of counsel where defense counsel neglected to apply a recently enacted section of the Criminal Code of 1961 which makes prior inconsistent statements by a witness admissible as substantive evidence in a criminal trial and then compounded the error by submitting a jury instruction which precluded the jury from considering the witness' preliminary hearing testimony as substantive evidence. Defendant also claims that, as a direct result of his trial counsel's failure to use favorable evidence, the trial court improperly denied defendant's request for an instruction on the lesser offense of reckless conduct. Finally, defendant claims that by waiving closing argument, counsel literally abandoned his final opportunity to persuade the jury that defendant did not possess the requisite intent to kill Stewart.

To support a claim of ineffective assistance of counsel, a defendant must show both that his counsel failed to perform as a reasonably competent attorney and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. (*Strickland v. Washington* (1984), 466 U.S. 668, 694, 80 L. Ed. 2d 674, 698, 104 S. Ct. 2052, 2068.) A "reasonable probability" is a probability sufficient to undermine confidence in the outcome, and, in making this determination, a court

hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. (466 U.S. 668, 695, 80 L. Ed. 2d 674, 698, 104 S. Ct. 2052, 2068-69.) Finally, the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged, and in each case a court of review must be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results. 466 U.S. 668, 696, 80 L. Ed. 2d 674, 699, 104 S. Ct. 2052, 2069.

In the instant case, defense counsel, who was apparently unaware of the recent statutory change, neglected to apply section 115—10.1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, sec. 115—10.1) which became effective July 1, 1984, nearly five months prior to the commencement of trial. The section provides in pertinent part:

"In all criminal cases, evidence of a statement made by a witness is not made inadmissible by the hearsay rule if

(a) the statement is inconsistent with his testimony at the hearing or trial, and

(b) the witness is subject to cross-examination concerning the statement, and

(c) the statement—

(1) was made under oath at a trial, hearing, or other proceeding, ***."

Based on his failure to recognize the applicability of the above statute, counsel then tendered an inaccurate and unduly restrictive jury instruction, providing that prior inconsistent statements may be considered "only for the purpose of deciding the weight to be given the testimony." (Illinois Pattern Jury Instruction, Criminal, No. 3.11 (2d ed. 1981).)

The State argues that any error that occurred was harmless because even if the jurors had been given Stewart's prior testimony as substantive evidence and told that they could use it as such, they ultimately would have used it exactly as they were, in fact, instructed, to assess the credibility of Stewart's trial testimony that defendant looked back at her before firing the shot. This interpretation not only requires improper speculation as to the jury's reaction to the statement as substantive evidence, but also undermines the distinction that the legislature found to be legally significant when it enacted the statute, namely, between using a prior inconsistent statement as substantive evidence as opposed to merely as impeachment.

The value of using prior inconsistent statements derives from the

fact that they contradict testimony given at trial. The clear benefit of being able to use a prior inconsistent statement as substantive evidence is that it places such testimony on equal footing with the trial testimony, thus making it more persuasive in the eyes of the trier of fact. Moreover, once a prior statement of a complaining witness is admitted as substantive evidence, a defendant can use that statement more extensively during closing argument to emphasize to the jury that the record expressly negates an element of the offense.

■■ ■ We agree with defendant's claim that the loss of this advantage was critical to his defense of the attempted-murder and armed-violence charges where the State's entire case was dependent upon proving that defendant had possessed specific intent to kill Evelyn Stewart and where, in the absence of other eyewitness testimony, Stewart's prior statement that defendant had fired a shot without ever having looked in her direction was the only source of such substantive evidence. Defense counsel's failure to recognize the substantive value of the prior statement and to utilize it as such not only deprived defendant from having the essential element of his defense clearly explained and emphasized to the jury, but was also directly responsible for the trial court's refusal to tender an instruction based on the lesser offense of reckless conduct, which would have clearly been appropriate under circumstances where defendant had acted recklessly, intending only to scare Stewart. See, *i.e., People v. Smith* (1979), 76 Ill. App. 3d 191, 392 N.E.2d 682; *People v. Hines* (1975), 31 Ill. App. 3d 295, 334 N.E.2d 233.

Based on the totality of evidence, we believe that the cumulative effect of these errors renders the result of the proceeding unreliable under the standards enunciated in *Strickland v. Washington* (1984), 446 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, and, accordingly, we remand this cause for a new trial on the charges of attempted murder and armed violence. In the event that defendant is found guilty of attempted murder upon retrial, he may not also be found guilty of armed violence based on attempted murder. *People v. Donaldson* (1982), 91 Ill. 2d 164.

■■ Having reached this determination, we find it necessary only briefly to address defendant's final argument that the trial court improperly increased his sentence to reflect its belief that defendant was guilty of armed violence based on theft, an offense with which defendant was never charged. Suffice it to say that such a consideration, which was clearly reflected in the trial court's comments at sentencing, was improper, and, upon remand, should not be reflected in defendant's sentence.

Based on the foregoing, defendant's conviction for theft is affirmed. Defendant's convictions for attempted murder and armed violence based on attempted murder are reversed and remanded for a new trial.

Affirmed in part, reversed in part and remanded.

QUINLAN, P.J., and CAMPBELL, J., concur.