THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DARREL D. BIGHAM, Defendant-Appellant.

Fifth District   No. 5—90—0038

Opinion filed April 3, 1992.

Paul F. Henry, of Kruger & Henry, of Metropolis, for appellant.

Terry M. Green, State's Attorney, of Benton (Kenneth R. Boyle, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Defendant, Darrel D. Bigham, appeals both his conviction for first-degree murder and his sentence of 60 years' imprisonment imposed by the circuit court of Franklin County in connection with the stabbing death of the victim, Marshall Lee Moss. We affirm in part and reverse in part.

In November of 1985, defendant began dating Janice, his friend of 22 years, on a regular basis. By August of 1988, however, defendant decided to terminate his relationship with Janice as he was planning to move out of the State. A few months later, Janice started dating the victim Moss. Defendant subsequently changed his mind about leaving and attempted to renew his relationship with Janice, attempts which Janice rejected. Defendant became obsessed with the idea and began writing Janice numerous letters and driving by her or Moss' house daily. At least twice prior to April 1989, defendant had "run-ins" with Moss over Janice. On the afternoon of April 22, 1989, Janice and Moss spent most of the day and evening eating and drinking at the annual pig roast held at the City Limits Lounge. Defendant spent the day visiting various friends and driving around town. After noticing Janice was at the lounge, defendant telephoned the number which he believed belonged to the lounge and left two messages on the answering machine. One message professed his love for Janice; the other challenged Moss. By 10 o'clock that evening, Moss and Janice decided to leave the lounge. According to defendant, he happened to drive by the lounge at the same time Moss and Janice reached the parking lot. Defendant honked and waved at Janice. Moss motioned for defendant to stop. Defendant pulled up and rolled down the passenger window of his truck to see what Moss wanted. Moss reached inside the truck, grabbed defendant and began beating him on the side of his head. Defendant, claiming fear for his life and full use of only one arm, grabbed a knife from between the seats and swung at Moss' face. Moss backed out of the truck momentarily but then continued to attack defendant. Defendant responded by repeatedly slashing at Moss. Eventually Moss stumbled back and fell down. Defendant then drove straight to the sheriff's office, handed over the

knife and told the officers what had happened. No wounds were observed on defendant, and defendant told the officers at that time he was not injured. Other witnesses who happened upon the fight already in progress testified they saw defendant come partially out of his truck window and repeatedly swing at the victim until he fell. Moss died at the scene from loss of blood, having received 12 to 13 wounds to his face, chest, neck, arms and back. The left ventricle of the victim's heart had been lacerated, and the carotid artery in the victim's neck had been completely severed. The majority of Moss' blood was found on the parking lot and on the outside of defendant's truck. The jury ultimately found defendant guilty of first-degree murder. The trial court sentenced defendant to 60 years' imprisonment.

On appeal, defendant raises four issues: (1) the trial court erred in refusing to instruct the jury regarding the substantive use of prior inconsistent statements; (2) the trial court erred in not instructing the jury on the State's burden of proof with respect to defendant's affirmative defense of justifiable use of force; (3) the State did not prove him guilty of first-degree murder beyond a reasonable doubt; and (4) the trial court abused its discretion in imposing an excessive sentence. We address defendant's contentions in the order stated.

For his first issue on appeal, defendant argues the trial court erred in refusing to tender to the jury defendant's instructions pertaining to the substantive use of prior inconsistent statements of three of the State's witnesses. Allegedly crucial to defendant's defense of justifiable use of force, all three witnesses in their first statements to the police characterized the altercation between defendant and Moss as a fight with Moss being the initial aggressor. Defendant believes that when a prior inconsistent statement is admitted as substantive evidence regarding a crucial element of the accused's defense, the jury should be instructed as to the extent to which it can consider such evidence. According to defendant, failure to so instruct the jury constitutes prejudicial error, considering the critical impact of the evidence upon his case, thereby denying him a fair trial.

██▌ ▌ Illinois Supreme Court Rule 451(a) (134 Ill. 2d R. 451(a)) mandates the giving of an Illinois Pattern Jury Instruction (IPI) whenever one exists. (See, *e.g., People v. Jenkins* (1989), 190 Ill. App. 3d 115, 128, 545 N.E.2d 986, 995.) Although an IPI instruction exists as to the admissibility of a prior inconsistent statement for impeachment purposes (see Illinois Pattern Jury Instructions, Criminal, No. 3.11 (2d ed. Supp. 1989)), there is no IPI instruction regarding the admissibility of a witness' prior inconsistent statement under section 115—10.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat.

1989, ch. 38, par. 115—10.1) as substantive evidence. When no appropriate IPI instruction exists, it is within the trial court's discretion whether to give a non-IPI instruction, as long as the instruction accurately and concisely states the applicable law. (*Jenkins*, 190 Ill. App. 3d at 128-29, 545 N.E.2d at 995-96; *People v. Atkins* (1987), 161 Ill. App. 3d 600, 611, 515 N.E.2d 272, 279.) The court should be particularly hesitant to allow nonpattern instructions, however, when such instructions call attention to or unduly emphasize certain portions of the evidence. (See *People v. Vanda* (1982), 111 Ill. App. 3d 551, 568-69, 444 N.E.2d 609, 622.) This, unfortunately, is the problem with defendant's proposed instructions. Not only did they single out specific evidence, they also made the conclusion for the jury that the prior statements were indeed inconsistent. As an example, defendant's proposed instruction No. 11 stated:

> "The testimony of Naomi Ruth Poole made under oath at the preliminary hearing in this cause on May 17, 1989, which was inconsistent with her testimony at trial may be considered by you as if it were made at the trial. You are the sole judges of the believability of the evidence and of the weight to be given to it."

Under such circumstances, the trial court properly exercised its discretion in refusing defendant's instructions.

■ We do agree, however, that generally it would be preferable to give the jury an explanatory instruction sometime during the trial concerning the substantive use of witnesses' prior statements when applicable, provided such an instruction tracks the language of the statute and accurately states the law. (See *Atkins*, 161 Ill. App. 3d at 612, 515 N.E.2d at 279.) Even though the jury here was not so informed, we still believe no reversible error was committed in this instance. (See *People v. Broadnax* (1988), 177 Ill. App. 3d 818, 834-35, 532 N.E.2d 936, 946.) First, the witnesses' prior statements were admitted into evidence with no restriction of any kind, and when no restriction is placed upon the purpose for which evidence is received, the evidence is admitted generally. (See *People v. Webb* (1982), 109 Ill. App. 3d 328, 332, 440 N.E.2d 406, 409.) Secondly, defense counsel was free to make substantive use of the statements in closing argument and did so extensively. He not only informed the jury it could consider the prior statements as substantive evidence, he also repeatedly emphasized the statements substantively to the extent of presenting demonstrative enlargements of them for the jury's viewing. Under such circumstances, clearly the jury was aware it could consider the statements as substantive evidence. (*Cf. People v. Wilson*

(1986), 149 Ill. App. 3d 1075, 1078-79, 501 N.E.2d 863, 865.) Informing the jury once again by way of a written instruction, in all probability, would not have triggered a different result. We therefore find no reversible error.

■ Turning to defendant's second contention on appeal which also pertains to instructional error, we again find no reversible error. This time, defendant argues the trial court erred in not instructing the jury with regard to the State's burden of proof on the affirmative defense of justifiable use of force. Once again defendant's proposed instruction was a non-IPI instruction, and once again, we point out the decision whether to tender such an instruction to the jury rests within the discretion of the trial court. (See *People v. Hanson* (1985), 138 Ill. App. 3d 530, 540, 485 N.E.2d 1144, 1151.) It is true defendant presented some evidence he killed Moss in self-defense. It is also true that under such circumstances the State was required to prove beyond a reasonable doubt defendant was not justified in using the force he did use. (*People v. McDowell* (1985), 138 Ill. App. 3d 622, 626-27, 485 N.E.2d 1098, 1101; *People v. Williams* (1980), 80 Ill. App. 3d 963, 968, 400 N.E.2d 532, 536.) The preferred method of instructing the jury about self-defense is to give the definitional instruction of self-defense (IPI Criminal 2d No. 24—25.06) following the definition of the crime with which the defendant is charged and to modify the issues instruction for each offense to which the defense applies by including as a proposition that the State has the burden of proving the defendant was not justified in using the force he used (IPI Criminal 2d No. 24—25.06A). (*McDowell*, 138 Ill. App. 3d at 627, 485 N.E.2d at 1101; *Williams*, 80 Ill. App. 3d at 970, 400 N.E.2d at 537.) This is exactly what the trial court did here. Consequently, we cannot say the jury was improperly instructed. Moreover, defense counsel dwelt at length in closing argument on the State's burden of proving defendant was not justified in using the force he used. We have no doubt that the jury was aware of the State's burden in this instance. Compare *People v. McDowell* (1985), 138 Ill. App. 3d 622, 485 N.E.2d 1098, and *People v. Williams* (1980), 80 Ill. App. 3d 963, 400 N.E.2d 532, with *People v. Lowe* (1987), 152 Ill. App. 3d 508, 504 N.E.2d 955, and *People v. Brophy* (1981), 96 Ill. App. 3d 936, 422 N.E.2d 158.

Defendant counters the instructions were ineffective because the issues instruction was too lengthy and complex. The instruction was a combination of IPI Criminal 2d Nos. 7.04A and 7.06A (Supp. 1989), both of which must be given when the jury is to be instructed on first-degree murder and second-degree murder (provocation) and on first-degree murder and second-degree murder (unreasonable belief of jus-

tification). Defendant cannot be heard to complain on appeal about combining these two instructions when he specifically agreed at the instruction conference that the two instructions should be combined. (See *People v. Berryman* (1988), 171 Ill. App. 3d 548, 559-60, 526 N.E.2d 180, 187.) We find that the instructions tendered to the jury, construed as a whole, fully and properly informed the jury of the applicable law. *Williams*, 80 Ill. App. 3d at 970, 400 N.E.2d at 537.

Defendant next argues on appeal he was not proved guilty beyond a reasonable doubt of first-degree murder. Defendant's theory is that he was justified in the use of force he used against Moss because a person is permitted to use force likely to cause death, not only if he believes such force is necessary to prevent imminent death or great bodily harm to himself or another, but also if it is necessary to prevent the commission of a forcible felony. The forcible felony in this instance, according to defendant, is aggravated battery based upon the battered person being "on or about a public way, public property or public place of accommodation or amusement" (Ill. Rev. Stat. 1989, ch. 38, par. 12—4(b)(8)), as well as upon the person committing the battery knowing the individual harmed to be physically handicapped (Ill. Rev. Stat. 1989, ch. 38, par. 12—4(b)(14)). Relying upon the prior inconsistent statements of the three State witnesses, defendant believes the State proved he committed, at most, second-degree murder.

It is not the function of this court to retry defendant. (*People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277.) Rather, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (106 Ill. 2d at 261, 478 N.E.2d at 277.) Viewing all of the evidence presented here in the light most favorable to the prosecution, we believe it is more than sufficient to support the jury's verdict. We note it is the function of the jury to weigh contradictory evidence and inferences, to judge the credibility of witnesses and to draw ultimate conclusions as to the facts. (*E.g., People v. Johnson* (1988), 173 Ill. App. 3d 998, 1003, 527 N.E.2d 1317, 1320; *Atkins*, 161 Ill. App. 3d at 611, 515 N.E.2d at 279.) We will not set aside a jury's verdict merely because different inferences and conclusions from conflicting testimony could have been drawn. *Johnson*, 173 Ill. App. 3d at 1003, 527 N.E.2d at 1320.

It is undisputed that defendant stabbed Moss to death. The actions leading to his death strongly suggest a motive of jealousy. Defendant had been pursuing Janice relentlessly since she started dating Moss. He wrote her numerous letters professing his love and at-

tacking Moss' character. He drove by her or Moss' house almost daily. Whenever he spotted Moss alone, defendant made obscene gestures toward him. And on at least two occasions, he verbally confronted Moss. Just two months prior to the stabbing, defendant threatened to "knife" Moss and cut off his finger. On the day of the murder, defendant at least once drove by the lounge where Janice and Moss were drinking and then called what he believed to be the number of the establishment to challenge Moss to a fight. At the fight itself, no matter who may have started the altercation, defendant was the one who lunged out through the window to continue stabbing Moss after he backed out of the truck. Defendant pursued his attack until Moss fell. No one ever saw Moss strike defendant; no one ever saw Moss holding onto defendant; and no one, including defendant, ever saw any type of weapon in Moss' hands. Moreover, defendant never complained to the authorities of any injuries and, in fact, repeatedly denied being hurt. Those officers who later examined him found no wounds or injuries of any kind. Finally, all of the blood from Moss, other than that smeared by defendant's hands, was outside the truck. The jury could well have concluded defendant was the aggressor from the very start or, just as easily, could have concluded any blows inflicted by Moss did not justify defendant's repeated stabbings or the use of deadly force in general. (See *People v. Reddick* (1988), 123 Ill. 2d 184, 200-01, 526 N.E.2d 141, 148; *People v. Stokes* (1989), 185 Ill. App. 3d 643, 656-57, 541 N.E.2d 1129, 1137-38; *Hanson*, 138 Ill. App. 3d at 536, 485 N.E.2d at 1148-49.) We further note, none of the three State witnesses had any reason to be prejudicial against defendant; one in fact considered herself to be a friend of defendant. And, none of the witnesses' explanations for the discrepancies in their statements were inherently unreasonable. For these reasons, we cannot say the jury's verdict in this instance was so palpably erroneous, unreasonable, or unsupported by the evidence as to justify reversal.

■ Defendant's final contention on appeal pertains to his sentence. Defendant believes his sentence of 60 years' imprisonment is excessive in light of the several factors in mitigation and few factors in aggravation. This time we agree with defendant.

Generally, a reviewing court will not disturb a sentence unless it greatly diverges from the purpose and spirit of the law or is highly disproportionate to the nature of the offense. (*People v. Gibbs* (1977), 49 Ill. App. 3d 644, 648, 364 N.E.2d 491, 493-94.) While sentences are not to be lightly set aside, there are some situations which call for reduction of the sentences imposed even though they are within the statutory limits. (*People v. Nelson* (1982), 106 Ill. App. 3d 838, 846,

436 N.E.2d 655, 661.) Penalties are to be determined not only according to the "seriousness of the offense," but also with the "objective of restoring the offender to useful citizenship." (Ill. Const. 1970, art. I, §11; *Gibbs*, 49 Ill. App. 3d at 648, 364 N.E.2d at 494.) In other words, not only must the sentencing court consider the rehabilitative factor, it must also act on it as an objective of the sentence. (*Gibbs*, 49 Ill. App. 3d at 648, 364 N.E.2d at 494.) While we recognize that the trial court is charged with the task of fashioning a sentence which strikes the appropriate balance between the protection of society and rehabilitation of the defendant (see *People v. Ernst* (1991), 219 Ill. App. 3d 51, 59, 579 N.E.2d 376, 382), and that the court is not required to give rehabilitative potential more weight than the seriousness of an offense (see *People v. Dower* (1991), 218 Ill. App. 3d 844, 854, 578 N.E.2d 1153, 1160), we believe that in this instance the record reveals defendant has rehabilitative potential which would not be well served by the excessive length of his sentence. Defendant's only prior felony offense was nonviolent in nature and occurred some nine years prior to the instant offense. He successfully completed probation and made restitution with respect to that offense and has also successfully controlled the substance abuse problem which precipitated the offense. While some may find it difficult to appreciate the rehabilitative capacities of defendant, "such is required by the constitution of our State." (*Gibbs*, 49 Ill. App. 3d at 649, 364 N.E.2d at 494.) Accordingly, we vacate defendant's sentence and remand this cause for a new sentencing hearing.

For the aforementioned reasons, we affirm defendant's conviction for first-degree murder, vacate his sentence and remand this cause to the circuit court of Franklin County for resentencing.

Affirmed in part; vacated in part and remanded.

GOLDENHERSH, P.J., and WELCH, J., concur.